IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JIMMIE CALVIN ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:24CV192 |
| | ) |
| SURRY COUNTY SHERIFF'S | ) |
| OFFICE, et al., | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee in Surry County, North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1. Plaintiff's claims are unclear. Plaintiff states that he was injured when he slipped and fell on a puddle of water in the jail where he is housed. He also names two Defendants, one of which is the Surry County Sheriff's Office. The Sheriff's Office is not a proper party, although the Surry County Sheriff could be substituted for the office. The Complaint does not allege that the Sheriff was aware of the puddle or leak that caused it. As the Court has told Plaintiff multiple times in the past, he must name persons as Defendants and he must name the persons who are actually responsible for the alleged violations of his constitutional rights. He cannot name the Sheriff or his office simply because he oversees the jail where Plaintiff fell. Theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not form a basis for a claim under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Plaintiff also names Brian Cockerham, a maintenance employee, as a Defendant. The Complaint alleges that Defendant Cockerham knew of a roof leak that created the puddle of water but that he did not fix it. However, courts hold that

falls in puddles of water in jail or prison floors do not typically support actions under § 1983 even where prison officials knew of the puddle. Smith v. W.G.D.C. Detention Center, SC, C/A No. 9:20-980-CMC-BM, 2020 WL 2735929, at *2 (D.S.C. April 24, 2020) (unpublished) (citing cases). Instead, such allegations constitute claims of negligence which does not support a claim under § 1983 because that statute covers only violations of a plaintiff's rights through intentional action or deliberate indifference. The Complaint is not clear as to how that standard is met in the present case. Finally, the Complaint alleges that Plaintiff received medical care immediately after his fall but that he is now in constant pain and not receiving continuing care. The Complaint does not allege what care is now needed that is not being provided or name the person or persons responsible for the alleged lack of care. If Plaintiff seeks to raise a claim based on a lack of medical care, he must name the persons actually responsible and must make it clear that any named Defendants engaged in deliberate indifference to a serious medical need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). He should be aware that "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defect of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).[1]

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send

---

[1] It is also possible that Plaintiff instead intended to file a state law negligence claim, which would need to be filed with the North Carolina Industrial Commission rather than this Court.

Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 29th day of April, 2024.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge